**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | |
|---|---|
| MAUREEN LESCHEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 0:21-cv-61190 |
| | ) |
| FISERVE GLOBAL SERVICES, INC., d/b/a | ) |
| FISERVE, a/k/a Fiserv Solutions, LLC, a | ) |
| foreign corporation, | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL FROM STATE COURT**

Pursuant to 28 U.S.C. §§ 1332 and 1446, Defendant Fiserv Global Services, Inc. ("Defendant"),[1] improperly identified as "Fiserve Global Services, Inc., d/b/a Fiserve a/k/a Fiserv Solutions, LLC" in Plaintiff's Amended Complaint, hereby removes the case styled *Maureen Leschel v. Fiserve Global Services, Inc.*, Case No. 21-8780, from the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida ("the State Court Matter"), to the United States District Court for the Southern District of Florida. As set forth below, the Court has jurisdiction and Defendant has satisfied the procedural requirements for removal.

**I.     Background**

1.     On April 30, 2021, Plaintiff Maureen Leschel ("Plaintiff") filed her Complaint in the Circuit Court of the 17th Judicial Circuit for Broward County, Florida ("Complaint"). Defendant was served with the Summons and Complaint on May 10, 2021. Plaintiff filed an

---

[1]     Fiserv Global Services, Inc., a subsidiary of Fiserv, Inc., is not the entity that made the employment decision at issue in this action. Rather, the employment decision was made by Fiserv Solutions, LLC, a separate subsidiary of Fiserv, Inc. *See* Exhibit B, Declaration of Emily Santarsiero and Exhibit C, Declaration of Katie Manno.

1

Amended Complaint on May 26, 2021 ("Amended Complaint") which has not yet been served on Defendant. A copy of the Summons, Complaint, Amended Complaint and all other process and papers in the State Court Matter are attached hereto as Exhibit A.

2. Plaintiff's Complaint asserts a cause of action against Defendant for age discrimination under the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq*. ("FCRA").

3. Plaintiff's Complaint asserts that Plaintiff is seeking monetary damages "in excess of $30,000" (Exhibit A, Amended Complaint, ¶ 1). On the Civil Cover Sheet Plaintiff filed with her initial Complaint, Plaintiff estimated the amount of her claim to be in excess of $100,000 (Exhibit A, Civil Cover Sheet).[2]

## II.     The Court Has Diversity Jurisdiction Over this Matter Pursuant to 28 U.S.C. § 1332

4. Pursuant to 28 U.S.C. § 1332, the "district courts shall have original jurisdiction of all civil actions where" two elements are satisfied: (A) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs;" and (B) the action "is between [] citizens of different states." Both elements are met here.

### A.     The Amount in Controversy Exceeds $75,000

5. Plaintiff's Amended Complaint requests monetary damages *in excess of* $30,000, and when reviewing the alleged damages and requests for relief, it is clear the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. In determining whether the jurisdictional amount in controversy has been met, "a district court does not measure the amount in controversy by a plaintiff's statement of his minimal

---

[2] Defendant acknowledges that the Civil Cover Sheet instructions indicate that the estimate of the amount of claim is to be used for data collection purposes and no other purpose. For this reason, Defendant provides the additional information below to establish the amount in controversy for diversity jurisdiction. Nevertheless, the Court can take notice of Plaintiff's representation regarding the estimated value of her claim.

damage expectations, but rather by a reasonable reading of the value of the rights being litigated." *Fettner v. Reed*, No. 16-CV-81118, 2016 WL 4035006, at *3 (S.D. Fla. July 28, 2016) (internal quotation marks and citation omitted).

7. Plaintiff's Complaint contains an open-ended *ad damnum* clause, which states that the amount of damages requested *exceeds* the jurisdictional threshold for circuit courts.[3] When a complaint does not limit its request for damages to a precise monetary amount, district courts have "authority to determine the reasonable value of a claim." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010).

8. Plaintiff has requested back pay and benefits, interest on back pay and benefits, front pay and future benefits, compensatory damages for emotional damages, other non-pecuniary damages, punitive damages, injunctive relief, and attorneys' fees and costs (Exhibit A, Amended Complaint, pp. 7-8). Plaintiff claims that she "has lost substantial back wages, future wage loss," and "her book of business." (Exhibit A, Amended Complaint, ¶ 31). Indeed, Plaintiff asserts that "the damages in this case are ***substantial*** and most likely, irreparable." (Exhibit A, Amended Complaint, ¶ 31) (emphasis added).

9. Under the FCRA, damages can include back pay and "compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries," as well as punitive damages up to $100,000. Fla. Stat. § 760.11(5). Damages may also include front pay. *Haines City HMA, Inc. v. Carter*, 948 So. 2d 904, 906 n.2 (Fla. 2d Dist. App. 2007). *See also Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1344 (11th Cir. 2000) (affirming total damages award of $290,125.80 under FCRA and ADEA, including $58,838 in back pay,

---

[3] For cases filed on or after January 1, 2020, county courts have original jurisdiction over "all actions at law . . . in which the matter of controversy does not exceed, exclusive of interest, costs, and attorney fees . . . the sum of $30,000." *See* Fla. Stat. § 34.01(1)(c).

$150,000 in compensatory damages for emotional distress and dignitary injury, $58,838 in liquidated damages, and $22,449.80 in front pay).

### 1. Plaintiff's Claim for Lost Pay and Benefits

10. Plaintiff is a former employee of Bank of America Merchant Services LLC ("BAMS"). (Exhibit A, Amended Complaint, ¶ 22). BAMS was a joint venture between Bank of America ("BoA") and First Data Corporation ("First Data"). (Exhibit A, Amended Complaint, ¶ 23). Plaintiff was employed with BAMS for a number of years as a National Partner Sales Specialist. (Exhibit A, Amended Complaint, ¶¶ 20, 22). Fiserv, Inc. acquired First Data in July of 2019.

11. At the same time Fiserv, Inc. acquired First Data (July 2019), First Data and BoA announced that they would be pursuing independent merchant services strategies effective June 2020 when the BAMS joint venture agreement between the two companies expired. *See* Exhibit B, Declaration of Emily Santarsiero, ¶ 6. Having decided to conclude their joint venture, BoA and First Data (now owned by Fiserv, Inc.) began the planning process for the wind-down of BAMS, and the transition of customer relationships and employees between the two companies (*Id.*). As part of this process, Fisev and BoA reviewed and assigned current BAMS' customers to either BoA or Fiserv Solutions, LLC (a wholly owned subsidiary of Fiserv, Inc.) (*Id.*). The entities generally considered and reviewed employee resources they would need following the division of BAMS' customers and business between BoA and Fiserv, Inc. (*Id.*, ¶¶ 2, 6).

12. The BAMS dissolution plan between BoA and Fiserv, Inc. generally provided that BAMS employees would receive an offer to transfer their employment with either BoA or Fiserv Solutions, LLC. (*Id.*, ¶ 7). Plaintiff was not offered a Franchise Specialist position with Fiserv

Solutions, LLC as part of the dissolution of BAMS, and she now brings a claim of failure to hire[4] (*Id.*, ¶¶ 2, 8).

13. Had Plaintiff been offered a Franchise Specialist position with Fiserv Solutions, LLC, her base annual compensation would have been at least Sixty-Five Thousand Dollars ($65,000), plus commissions (*Id.*, ¶ 9). This position also received a fringe benefit package with an estimated annual value of approximately Thirteen Thousand Dollars ($13,000). (*Id.*, ¶ 10). Thus, from the two year period from the start date for the Franchise Specialists who were hired by Fiserv Solutions, LLC (on June 29, 2020) to a potential trial date a year from now (June 7, 2022), Plaintiff's alleged lost back pay and back benefits are clearly in excess of $75,000.00 (*Id.*, ¶¶ 9-10).

14. Additionally, Plaintiff alleges that in 2020, she "received a substantial merit salary increase of $7,000, in recognition of her excellent work product, which was consistently produced, in her work group, for the Defendant" (Exhibit A, Amended Complaint, ¶ 19). Thus, she is likely to claim even more in back pay.

### 2. Plaintiff Also Seeks Damages For Front Pay

15. Plaintiff also seeks front pay for an unspecified period which should likewise be included in the amount in controversy calculus.

---

[4] "In an age discrimination suit, a successful plaintiff receives back pay from the date of" the adverse employment decision "to the date of trial." *Munoz*, 223 F.3d at 1347. Accordingly, courts in this District have found it appropriate to use an estimated trial date to calculate the probable back pay of the plaintiff. *See, e.g., Morgan v. Sears, Roebuck, & Co.*, No. 12-60055-CIV, 2012 WL 2523692, at *2 (S.D. Fla. June 29, 2012). *See also Kok v. Kadant Black Clawson, Inc.*, 274 Fed. Appx. 856 (11th Cir. 2008) (approving the district court's reasonable calculation of back pay damages through a future trial date). Trial of this matter is not likely to be scheduled until June of 2022 (a year from this Removal).

### 3. Plaintiff's Claim for Attorneys' Fees

16. Plaintiff seeks recovery of her attorneys' fees in the Amended Complaint. (Exhibit A, Amended Complaint, WHEREFORE section, sub-paragraph h).

17. Attorney's fees are recoverable under the FCRA. Fla. Stat. § 760.11(5). *See, e.g., Haines City HMA, Inc.*, 948 So. 2d 904 (remanding with instructions to enter a judgment for attorney's fees in the amount of $63,788.50). "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

18. In a recent case, Plaintiff's counsel, Mark K. Berkowitz, submitted an affidavit in which he represented his hourly rate (at least in 2019) was $400 per hour. *See* Exhibit D, Berkowitz Affidavit, *Ortiz v. School Board of Broward County, Florida*, 18-civ-60209-WPD (S.D. Fla. Nov.15, 2019). In that case, a prevailing discrimination plaintiff sought an attorneys' fee award of $98,280.00, representing 209.5 hours of work by attorney Berkowitz and 36.20 hours by his co-counsel, each at the rate of $400 per hour. The court issued an order approving Plaintiff's motion for an award of fees in the amount of $98,280 (and also awarded costs). *Ortiz v. School Board of Broward County, Florida*, 18-civ-60209-WPD, 2020 WL 4926581, at *3 (S.D. Fla. Apr. 24, 2020).

19. Should this matter proceed to trial, it is likely Plaintiff will seek a similar fee award or greater should she prevail. Even if Plaintiff prevails and receives only modest damages, the likely post-trial attorney fee award alone would satisfy the amount in controversy requirement.

### 4. Plaintiff's Claim for Emotional Distress Damages

20. Plaintiff also seeks compensatory damages for emotional distress. Courts regularly consider plaintiffs' claims for emotional distress damages in determining the amount in

603681099

controversy. *See, e.g., Brown v. Cunningham Lindsey U.S., Inc.,* No. 305-141J32HTS, 2005 WL 1126670, at * 5 (M.D. Fla. May 11, 2005) (concluding that plaintiff's emotional distress and punitive damages further increased the amount in controversy); *Barnes v. JetBlue Airways Corp.,* No. 07-60441, 2007 WL 1362504, at *2 (S.D. Fla. May 7, 2007) (concluding that an award for emotional distress could easily match an award for economic damages). Indeed, Plaintiff claims in her Amended Complaint that she "has suffered, and she continues to suffer substantial damages." (Exhibit A, Amended Complaint, ¶ 38).

### 5. Plaintiff's Claim for Punitive Damages

21. Plaintiff also seeks punitive damages. A prevailing plaintiff can recover up to $100,000 in punitive damages under the FCRA if such damages are proven. Courts often consider claims for punitive damages in the amount in controversy calculus. *See Brown*, 2005 WL 1126670, at * 5. It is not uncommon in an FCRA case that punitive damages are sought and awarded. *See Speedway SuperAmerica, LLC v. Dupont*, 933 So.2d 75, 91 (Fla. 5th Dist. App. 2006) (affirming punitive damages award under the FCRA in the amount of $40,000).

### 6. The Amount in Controversy Requirement is Met Here

22. Fiserv denies liability to Plaintiff and further denies that Plaintiff is entitled to recover any of the damages she seeks in her Amended Complaint, but, if this matter were to proceed to trial and Plaintiff were to prevail, Plaintiff's recovery *could* exceed $75,000, and it is evident that there is more than $75,000 in controversy here.

23. Given the potential for back pay, front pay, other compensatory damages (e.g., emotional distress damages), punitive damages and attorneys' fees, the factfinder could legally award more than $75,000, and the amount in controversy requirement is met here.

603681099

### B. This Action Is Between Citizens of Different States, and There Is Complete Diversity.

24. Plaintiff is an individual. For purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

25. As alleged in the Complaint, Plaintiff was at the time of filing (and upon information and belief still is) domiciled in Broward County, Florida and is, therefore, a citizen of the State of Florida for diversity-jurisdiction purposes. (*See* Exhibit A, Amended Complaint ¶ 11).

26. At the time of filing this action, Defendant Fiserv Global Services, Inc. was no longer an entity that existed. Fiserv Global Services, Inc. was, until June 30, 2020, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Brookfield, Wisconsin. *See* Exhibit C, Declaration of Katie Manno, ¶ 3. On June 30, 2020, Fiserv Global Services, Inc. merged out of existence and into Fiserv Solutions, LLC (*Id.*, ¶ 4). Fiserv Solutions, LLC is a Wisconsin limited liability company, with its principal place of business in Brookfield, Wisconsin. (*Id.*, ¶ 5). The sole member of Fiserv Solutions, LLC is Fiserv, Inc., which is a Wisconsin corporation with its principal place of business in Brookfield, Wisconsin (*Id.*).

27. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011). Thus, Fiserv Global Services, Inc.[5] was, until June 30, 2020, both a Delaware citizen and a Wisconsin citizen, but not a Florida citizen. As explained above, Fiserv Global Services, Inc. merged out of existence, and into Fiserv Solutions, LLC on June 30, 2020. For purposes of

---

[5] Defendant Fiserv Global Services, Inc. submits it is not a proper party to this action, as will be more fully explained in its responsive pleading to Plaintiff's Amended Complaint.

diversity jurisdiction, a limited liability company is deemed to be a citizen of the state of any state of which a member of the company is a citizen. *Rolling Green MHP, L.P., v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, Fiserv Solutions, LLC is a Wisconsin citizen, but not a Florida citizen.

28. As Plaintiff is a Florida citizen, and Defendant is either a Delaware or Wisconsin citizen, complete diversity of citizenship exists among the parties to this action for purposes of 28 U.S.C. § 1332.

### III. Defendant Has Satisfied the Procedural Requirements for Removal Under 28 U.S.C. § 1446.

29. This Notice of Removal is timely in that it is filed within 30 days from the date Defendant was served with a copy of the Summons and Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons"). Defendant was served with the summons and initial Complaint on May 10, 2020.

30. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the State Court Matter is attached as Exhibit A.

31. Fiserv will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court for the 17th Judicial Circuit for Broward County, Florida and will give written notice of and serve a copy on Plaintiff's counsel.

### IV. Conclusion

32. For the foregoing reasons, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), and the procedural requirements of 28 U.S.C. § 1446 are satisfied.

33. Thus, Defendant Fiserv Global Services, Inc. asks that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with federal law.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By:    */s/ Paola Dukes*
Paola Dukes
Florida Bar No. 84274
200 South Biscayne Blvd., Ste 400
Miami, FL 33131
Tel: (786) 322-7500
Fax: (786) 322-7501
dukesp@bclplaw.com

Charles B. Jellinek, (*pro hac vice* application forthcoming)
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
Tel: (314) 259-2138
Fax: (314) 552-8138
cbjellinek@bclplaw.com

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 8, 2021, the foregoing was served via email and regular U.S. Mail to:

Mark J. Berkowitz
Mark J. Berkowitz, P.A.
One Ten Tower
110 SE 6th Street, Suite 1700
Ft. Lauderdale, Florida 33301
ATTORNEY FOR PLAINTIFF

                                                                   */s/ Paola Dukes*
                                                                   Attorney for Defendant