## FORM 1.997.    CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

Maureen Leschel
Plaintiff                                                    Case # _____
                                                             Judge _____

vs.

<u>FISERVE Global Services, Inc.</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**EXHIBIT A**
to Notice of
Removal

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 04/30/2021 01:50:45 PM.****

# IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN
## AND FOR BROWARD COUNTY, FLORIDA

Case No: _CACE-21-008180_

Maureen Leschel

Judge Division: _13_

**Plaintiff**

VS

Fiserve Global Services INC

**Defendant**

FILED
MAY 03 2021
By _____

## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020–73Civ/2020–74–UFC:
**"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO
DISMISSED CIVIL OR FAMILY CASES",**

The Clerk has conducted a search for all previous existing civil cases related to
these two parties.

Listed below are all the aforementioned related cases: NONE

Brenda D. Forman
Circuit and County Courts

By: _____

Deputy Clerk

Filing # 126156318 E-Filed 05/04/2021 04:30:10 PM

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

**CASE NO. CACE-21-008780**

MAUREEN LESCHEL,
        Plaintiff,

vs.

FISERVE GLOBAL SERVCIES,
INC., a foreign corporation,
        Defendant.
_____/

DATE ___5/02/___ TIME ___1245___

INITIAL _____ BADGE# _____

Eric Larson
Cert. Process Server #063
2nd Judicial Circuit

**SUMMONS**

**THE STATE OF FLORIDA**
**To Each Sheriff of the State**

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Corporation Service Company, as the Registered Agent for the Defendant, FISERVE GLOBAL SERVICES, INC., and the Registered Agent has an address of 1201 Hays Street, Tallahassee, Florida 32301.

      Each Defendant is required to serve written defenses to the Complaint or Petition, on Plaintiffs' Attorney, Mark J. Berkowitz, P.A., 110 SE 6th Street, Suite 1700, Ft. Lauderdale, Florida 33301, within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original defenses with the clerk of this court either before service on Plaintiffs' Attorney or immediately thereafter. If a Defendant fails to do so, a default will be Entered against that Defendant on the relief demanded in the Complaint or Petition.

Dated on_____ MAY 05 2021 _____

BRENDA FORMAN
As Clerk of the Court

By_____
    As Deputy Clerk

**BRENDA D. FORMAN**

IN THE CIRCUIT COURT OF THE
17ᵗʰ JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 21-8780

MAUREEN LESCHEL,

  Plaintiff,

vs.

FISERVE GLOBAL SERVICES,
INC., d/b/a FISERVE, a foreign
corporation,

  Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, **MAUREEN LESCHEL**, by and through her undersigned counsel, and she hereby files this Complaint against the Defendant, FISERVE GLOBAL SERVICES, INC., d/b/a FISERVE, hereafter referred to as ["FISERVE"]; and the Plaintiff states as follows:

## I.
## JURISDICTION AND VENUE

1. This is an action for damages in excess of $ 30,000.00.

2. This Court has original jurisdiction over Plaintiff's claim, under the Florida Civil Rights Act ("FCRA"), pursuant to *Fla. Stat.* Section 26.012, and *Florida Stat.* Section 760.11 (4)(a).

1

3.    Venue lies within Broward County, because a substantial part of the events giving rise to this claim, arose in this Judicial District.

## II.
## ADMINISTRATIVE PREREQUISITES

4. Plaintiff timely filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of the charge of discrimination is attached hereto, as **EXHIBIT A**.

5. More than 180 days have passed since the filing of this charge.

6. Pursuant to *Fla. Stat.* Section 760.11 (1), for all charges of discrimination filed after June 8, 2001, the filing of a discrimination charge with the Equal Employment Opportunity Commission, or with a local fair employment practices agency, vests the Florida Commission on Human Relations with jurisdiction, pertaining to that charge of discrimination.

7. On April 8, 2021, the EEOC issued to Plaintiff, a Dismissal and Notice of Right to Sue Memorandum, against the Defendant, regarding this matter.

8. A copy of the Notice of Right to Sue Memorandum, is attached hereto, as **EXHIBIT B**; and Plaintiff had filed her initial Complaint in this action, within four (4) years of the last act of discrimination; or within ninety (90) days of the issuance of the Notice of Right to Sue Memorandum, by the EEOC.

9. Plaintiff has filed this action within the applicable period of limitations.

10. All conditions precedent to this action have been either satisfied and or waived.

2

11. Plaintiff, Maureen Leschel, is a former employee of the Defendant, herein, she is within the purview of the statutory protections, mandated by the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.* and at all material times herein, she was a resident of Weston, Broward County, Florida.

12. Defendant, Fiserve Global Services, Inc., d/b/a FISERVE, is a foreign corporation, and it is, an "employer," within the purview and jurisdiction of the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.*

## III.
## PARTIES

13. Plaintiff, Maureen Leschel ("LESCHEL"), was sixty-five (65) years old, and as of the date of the filing of the charge of discrimination in this case, on August 21, 2020, she is entitled to protection as an older worker under the FCRA, and in addition, the Plaintiff acquired had sixteen (16) years of successful sales experience, in the merchant services space.

14. Defendant, Fiserve Global Services, Inc., d/b/a Fiserve ("FISERVE"), a foreign corporation, which is headquartered in the State of Wisconsin, provides financial services to banks and related financial institutions; and at all material times herein, it operated business facilities, and transacted business for clients, in Coral Springs Broward County, Florida, which is located within the Seventeenth Judicial District; and the Defendant is duly authorized to conduct business in Broward County, and in the State of Florida.

## IV.
## GENERAL ALLEGATIONS

15. At all material times herein, Defendant, FISERVE, Defendant acted with malice and with reckless disregard for the Plaintiff's state protected rights, under the FCRA. Plaintiff had been employed by the Defendant since April 12, 2004, and in 2019, she was ranked as No. 3, in her work group of eight, exceeding performance expectations, as a sales professional in merchant services functions.

16. Plaintiff has been required to retain undersigned counsel, due to the predicate acts of employment discrimination, practiced upon her, based on her age, as exhibited by and intentionally committed, by the Defendant; and she is required to pay her counsel a reasonable attorney's fee.

## V.
## FACTS

17. As of the date of the filing of the charge of employment discrimination in this case, on August 21, 2020, Plaintiff was sixty-five (65) years old.

18. Plaintiff had been employed by the Defendant, since April 12, 2004.

19. In early 2020 and for 2019, for her year-end performance review and her performance ratings, Plaintiff was given a performance rating of "exceeds expectations," and she was given a rating of "4," on a scale of 1—5; and within the National Partner Sales Division, Plaintiff was ranked as a top tier performer, over her tenure of sixteen (16) years; and in addition, Plaintiff received a substantial merit salary increase of $7,000.00, in recognition of her excellent work product, which was consistently produced, in her work group, for the Defendant.

20. Moreover, within the National Partner Sales Division, Plaintiff was ranked as a top tier

performer, over her tenure of sixteen (16) years.

21. Furthermore, the Plaintiff was ranked No. 1, in signed revenue, with the Defendant, through June of 2020, the date of her separation from employment.

22. On June 30, 2020, Plaintiff was subjected to a separation from employment, by Bank of America Merchant Services, LESCHEL had been a team member of the National Partner Sales Division, where she had consistently been a top performer, within that Division for the Defendant.

23. Bank of America Merchant Services was formed in 2010, through a joint venture between First Data Corporation (recently purchased by FISERVE), which possessed a 51% ownership interest.

24. During the end of 2019, all employees from Bank of America Merchant Services, were presented to each parent corporation, Bank of America and FISERVE for evaluation, regarding a decision to retain each employee's professional services, Plaintiff was told her job evaluation was solely based on performance, and the expectation was that she was to remain with the National Partner Sales Division.

25. The decision on employee retention, was apparently necessitated, by the national public health crisis, which in turn, necessitated job cuts, within Bank of America Merchant Services.

26. LESCHEL was subjected to the reduction in force, on June 30, 2020, however, several substantially younger members of the National Partner Sales Division, who were lesser performers, in terms of their relative job performance, were retained by FISERVE, to the detriment of LESCHEL.

27. Specifically, multiple substantially younger "comparator" employees, who clearly ranked lower than the Plaintiff, in relevant and important job performance benchmarks, with regard to

sales performance and revenue totals, were retained by the Defendant, but the Plaintiff was confirmed, as being subjected, to the reduction in force.

28. As a further example, one comparator was transferred to the pertinent work group, the National Partner Sales Division, in late 2019, from her prior role as a Business Consultant; this comparator's ranking in signed revenue postings, and net revenue totals, was second to last, in the applicable work group, the National Partner Sales Division, through June, 2020.

29. Despite the poor job performance of this substantially younger comparator employee, this employee, with the lack of a track record, was retained by FISERVE, to the detriment of the Plaintiff, despite her superior sales and job performance record.

30. The comparator analysis raises an inference of age discrimination, in violation of the FCRA, which the Defendant will be unable to rebut, and the Plaintiff's *prima facie* case of age discrimination remains, as a viable and unrebutted claim, or cause of action.

31. Due to being subjected to the reduction in force, Plaintiff has lost substantial back wages, future wage loss, as well as her book of business, and hence, the damages in this case are substantial and most likely, irreparable.

## COUNT I
## (VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT -AGE DISCRIMINATION)

32. Plaintiff restates and reavers the allegations, contained within Paragraphs 1—30 of the Complaint, as if fully set forth herein.

33. Plaintiff is a member of the protected class, as an older worker, over the age of forty (40), who is to be protected, under the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.*

34. The aforementioned actions of Defendant constitute age discrimination, in violation of the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.*

35. Plaintiff suffered an adverse employment action, by being subjected to the reduction in force, and thereafter, by not being retained, as an employee of the Defendant.

36. The adverse employment action was a result and or occurred, because of unlawful discrimination, based on Plaintiff's age, and or being within the protected class, as set forth by the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.*

37. The Defendant knew, or should have known, of the unlawful discrimination, which was practiced, as against the Plaintiff, by its representatives, agents and or employees, in violation of the Florida Civil Rights Act of 1992. *Fla. Stat.* Section 760.01, *et seq.*

38. As a result of Defendant's unlawful discrimination, in its failure to retain the Plaintiff, as a member of the National Partner Sales Division, she has suffered, and she continues to suffer substantial damages.

**WHEREFORE**, Plaintiff, MAUREEN LESCHEL, prays for the following relief, against the Defendant, FISERVE GLOBAL SERVICES, INC.., d/b/a FISERVE:

    a.       Back pay and benefits;

    b.       Interest on back pay and benefits;

    c.       Front pay and future benefits;

    d.       Compensatory damages for emotional damages;

    e.       Other non-pecuniary damages;

    f.       Punitive damages;

g.      Injunctive relief;

h.      Attorney's fees and costs; and

i.      For any other relief this Court deems to be just and equitable.

## Demand for Jury Trial

Plaintiff demands Trial by Jury of All Issues So Triable.

**MARK J. BERKOWITZ, P.A.**

/s/ Mark J. Berkowitz
Mark J. Berkowitz
One Ten Tower
110 SE 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
Telephone No.: (954) 527-0570
Telecopier No.: (954) 281-5881
E-mail: labor@markjberkowitz.com
FL Bar No.: 369391
Attorney for Plaintiff

Dated on this 30th day of April, 2021.

8

**EXHIBIT A**

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974, see Privacy Act Statement on reverse before completing this form.

ENTER CHARGE NUMBER

[ ] EEPA

[ ] EEOC

| FLORIDA COMMISSION ON HUMAN RELATIONS | and EEOC |
|---|---|

(State and local Agency, if any)

| NAME (indicate Mr., Ms., or Mrs.)  Ms. Maureen Leschel | HOME TELEPHONE NO. (Include Area Code)<br>(954) 997-0500 |
|---|---|
| Street Address  319 Palm Blvd.  Weston, FL 33326 | COUNTY Broward |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME

APPRENTICESHIP COMMITTEE, (if more than one list below.)

| NAME  FISERV GLOBAL SERVICES, INC. | No. of Employees  500+ | TELEPHONE NUMBER (Include Area Code)<br>(954) 851-7344 |
|---|---|---|

STREET ADDRESS  CITY, STATE AND ZIP CODE 4000 Coral Ridge Drive, Coral Springs, FL 33065

| NAME  FIRSERV of North America | TELEPHONE NUMBER (Include Area Code)<br>(800) 872-7882 |
|---|---|

| STREET ADDRESS CITY, 255 Fiserv Drive, Brookfield, Wisconsin | STATE AND ZIP CODE 53045 |
|---|---|

CAUSE OF DISCRIMINATION BASED ON (Check appropriate boxes))

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN []

[X] AGE [] RETALIATION [] OTHER (Specify)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, year)

June 30, 2020

The Charging Party, Maureen Leschel ("LESCHEL"), is 65 years old; D.O.B. [3/18/55]; and she was subject to a separation from employment, on June 30, 2020, by Bank of America Merchant Services. LESCHEL was a team member of the National Partner Sales Division; where she was employed for sixteen years as a top performer. Bank of America Merchant Services was formed in 2010, through a joint venture between First Data Corporation (recently purchased by Fiserv Corporation), possessing a 51% ownership interest; and Bank of America, with a 49% ownership interest.

In late 2019, all employees from Bank of America Merchant Services, were presented to each parent corporation, Bank of America and FISERV, for evaluation. FISERV decided that although, the National Partner Team was to be maintained, due to the pandemic, there would be job cuts; and LESCHEL was subjected to the reduction in force.

Some members of the team, retained by FISERV, to the detriment of LESCHEL, were substantially younger, by 12—15 years; some had lesser qualifications; some had lesser performance ratings, some had lesser longevity; and some have lesser skill sets. Although the Charging Party brought these points to the attention of Bank of America Merchant Services management, she was told by management that the criteria for retention was unknown.

The Charging Party was subjected to an unlawful dismissal, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 626, et seq. and the Florida Civil Rights Act of 1992, Fla. Stat. Section 760, et seq, entitling her to applicable forms of relief and monetary damages.

[ ] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

08/21/2020

Date / Charging Party (Signature)

NOTARY — When necessary to meet State and Local Requirements)

I swear or affirm that I I have read the above charge and that it it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED and Sworn to Before

Me on this 08/21/2020 by means of physical presence, who presented Florida driver license as ID

ANASTASIA MARIE DECARO
MY COMMISSION # GG 988041
EXPIRES: May 15, 2024
Bonded Thru Notary Public Underwriters

<u>Charge of Discrimination (Continued)</u>

The Charging Party was subjected to an unlawful adverse employment action, by not being offered a permanent position with FISERV, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 626, et seq., and the Florida Civil Rights Act of 1992, Fla. Stat. Section 760, et seq., and as a result, she is entitled to applicable forms of statutory relief and monetary damages.

| [ ] I also want this charge filed with the EEOC.<br>I will advise the agencies if I change my address or telephone<br>number and I will cooperate fully with them in the processing<br>of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements)<br><br>I swear or affirm that I I have read the above charge and that it it<br>is true to the best of       my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true<br>and correct.<br><br>*[signature]*<br>08/21/2020<br>Date          Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED and Sworn to        Me on this 08/21/2020 by<br>Before<br>(Day, month, and year) means of physical presence, who<br>presented Florida driver license ID. |

ANASTASIA MARIE DECARO
MY COMMISSION # GG 988041
EXPIRES: May 13, 2024
Bonded Thru Notary Public Underwriters

**EXHIBIT B**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Maureen Leschel<br>319 Palm Blvd.<br>Weston, FL 33326 | From: Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative<br>**Donn Dernick,**<br>**Investigator** | Telephone No. |
|---|---|---|
| 510-2020-05549 | | (786) 648-5815 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| **X** | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

**Marissa Cosculluela** Digitally signed by Marissa Cosculluela<br>Date: 2021.04.08 10:55:06 -04'00'

04/08/2021

| Enclosures(s) | for Paul Valenti,<br>District Director | (Date Issued) |
|---|---|---|

cc:

FISHERV GLOBAL SERVICES, INC.
c/o Bryan, Cave, Leighton, Paisner, LLP
Charles Jellinek, Esquire
211 N. Broadway, Suite 3600
St. Louis, MO 63102

Mark J. Berkowitz, Esq.
LAW OFFICES OF MARK J. BERKOWITZ, P.A.
ONE TEN TOWER
110 S.E. 6th Street, Suite 1700
Fort Lauderdale, FL 33301



**NJH / ALL**
**Transmittal Number: 23184752**
**Date Processed: 05/11/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Barbara Jenovai<br>First Data Corporation<br>6855 Pacific Street<br>AK300<br>Omaha, NE 68106-1052 |
| **Electronic copy provided to:** | David Frank<br>Kathy Hogy<br>Legal Department |

| | |
|---|---|
| **Entity:** | Fiserv Global Services, Inc.<br>Entity ID Number  2430411 |
| **Entity Served:** | Fiserve Global Services, Inc. |
| **Title of Action:** | Maureen Leschel vs. Fiserve Global Services, Inc., d/b/a Fiserve |
| **Matter Name/ID:** | Maureen Leschel vs. Fiserve Global Services, Inc., d/b/a Fiserve (11221355) |
| **Document(s) Type:** | Summons and Notice |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Broward County Circuit Court, FL |
| **Case/Reference No:** | 21-8780 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 05/10/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Mark J. Berkowitz<br>954-527-0570 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

## RETURN OF SERVICE

**State of Florida**                **County of Broward**                      **Circuit Court**

Case Number: CACE-21-008780

Plaintiff:
**MAUREEN LESCHEL,**

vs.

Defendant:
**FISERVE GLOBAL SERVICES, INC., A FOREING CORPORATION,**

For:
Mark Berkowitz
MARK J. BERKOWITZ
110 SE 6TH STREET
#1700
Fort Lauderdale, FL 33301

Received by CAPLAN AND CAPLAN PROCESS SERVICE on the 6th day of May, 2021 at 9:35 am to be served on **FISERVE GLOBAL SERVICES, INC. BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301**.

I, ERIC L. LARSON, do hereby affirm that on the **10th day of May, 2021** at **12:45 pm, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS, COMPLAINT, EXHIBITS** with the date and hour of service endorsed thereon by me, to: **CORPORATION SERVICE COMPANY** as **REGISTERED AGENT** at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301** on behalf of **FISERVE GLOBAL SERVICES, INC.**, and informed said person of the contents therein, in compliance with F.S. 48.081(3)

**Additional Information pertaining to this Service:**
RONNIE  LONG, CLERK FOR RA, WF 25 YRS 5'4 120 LBS BROWN HAIR GLASSES

Under penalty of perjury,  I declare that I have read the forgoing Verified return of Service and the facts stated in it are true, that I  that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I also certify that the above stated facts are correct to the best of my knowledge..  Pursuant to F.S. 92.525(2), Notary not required.

**ERIC L. LARSON**
CPS #063, 2ND JUDICIAL CIRCUIT

**CAPLAN AND CAPLAN PROCESS SERVICE**
**33 Sw 2nd Avenue**
**Ste 402**
**Miami, FL 33130**
**(305) 374-3426**

Our Job Serial Number: CPN-2021013452
Ref: 13452

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.  CACE 21-008780

MAUREEN LESCHEL,

      Plaintiff,

vs.

FISERVE GLOBAL SERVICES,
INC., d/b/a FISERVE, a/k/a
Fiserv Solutions, LLC, a foreign
corporation,

      Defendant.

_____/

## AMENDED COMPLAINT

**COMES NOW**, Plaintiff, **MAUREEN LESCHEL**, by and through her undersigned counsel, and

she hereby files this Amended Complaint against the Defendant, FISERVE GLOBAL SERVICES,

INC., d/b/a FISERVE, a/k/a Fiserv Solutions, LLC, hereafter referred to as ["FISERVE"]; and the

Plaintiff states as follows:

### I.
### JURISDICTION AND VENUE

1.     This is an action for damages in excess of $ 30,000.00.

1

2.      This Court has original jurisdiction over Plaintiff's claim, under the Florida Civil

Rights Act ("FCRA"), pursuant to *Fla. Stat.* Section 26.012, and *Florida Stat.*

Section 760.11 (4)(a).

3.      Venue lies within Broward County, because a substantial part of the events giving

rise to this claim, arose in this Judicial District.

## II.
## ADMINISTRATIVE PREREQUISITES

4. Plaintiff timely filed a timely charge of discrimination with the Equal Employment

Opportunity Commission ("EEOC"). A copy of the charge of discrimination was

previously attached to the Complaint, as **EXHIBIT A**.

5.  More than 180 days have passed since the filing of this charge.

6.  Pursuant to *Fla. Stat.* Section 760.11 (1), for all charges of discrimination filed after

June 8, 2001, the filing of a discrimination charge with the Equal Employment

Opportunity Commission, or with a local fair employment practices agency, vests the

Florida Commission on Human Relations with jurisdiction, pertaining to that charge of

discrimination.

7.  On April 8, 2021, the EEOC issued to Plaintiff, a Dismissal and Notice of Right to Sue

Memorandum, against the Defendant, regarding this matter.

8.  A copy of the Notice of Right to Sue Memorandum, was previously attached to the

Complaint, as **EXHIBIT B**; and Plaintiff had filed her initial Complaint in this action,

2

within four (4) years of the last act of discrimination; or within ninety (90) days of the issuance of the Notice of Right to Sue Memorandum, by the EEOC.

9. Plaintiff has filed this action within the applicable period of limitations.

10. All conditions precedent to this action have been either satisfied and or waived.

11. Plaintiff, Maureen Leschel, is a former employee of the Defendant, herein, she is within the purview of the statutory protections, mandated by the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.* and at all material times herein, she was a resident of Weston, Broward County, Florida.

12. Defendant, Fiserve Global Services, Inc., d/b/a FISERVE, a/k/a Fiserve Solutions, LLC, ("FISERVE") is a foreign corporation, and it is, an "employer," within the purview and jurisdiction of the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq*.

### III.
### PARTIES

13. Plaintiff, Maureen Leschel ("LESCHEL"), was sixty-five (65) years old, and as of the date of the filing of the charge of discrimination in this case, on August 21, 2020, she is entitled to protection as an older worker under the FCRA, and in addition, the Plaintiff acquired had sixteen (16) years of successful sales experience, in the merchant services space.

14. Defendant, Fiserve Global Services, Inc., d/b/a Fiserve, a/k/a Fiserv Solutions, LLC, ("FISERVE"), a foreign corporation, which is headquartered in the State of Wisconsin,

3

provides financial services to banks and related financial institutions; and at all material times herein, it operated business facilities, and transacted business for clients, in Coral Springs Broward County, Florida, which is located within the Seventeenth Judicial District; and the Defendant is duly authorized to conduct business in Broward County, and in the State of Florida.

## IV.
## GENERAL ALLEGATIONS

15. At all material times herein, Defendant, FISERVE, Defendant acted with malice and with reckless disregard for the Plaintiff's state protected rights, under the FCRA. Plaintiff had been employed by the Defendant since April 12, 2004, and in 2019, she was ranked as No. 3, in her work group of eight, exceeding performance expectations, as a sales professional in merchant services functions.

16. Plaintiff has been required to retain undersigned counsel, due to the predicate acts of employment discrimination, practiced upon her, based on her age, as exhibited by and intentionally committed, by the Defendant; and she is required to pay her counsel a reasonable attorney's fee.

## V.
## FACTS

17. As of the date of the filing of the charge of employment discrimination in this case, on August 21, 2020, Plaintiff was sixty-five (65) years old.

18. Plaintiff had been employed by the Defendant, since April 12, 2004.

19. In early 2020 and for 2019, for her year-end performance review and her performance ratings, Plaintiff was given a performance rating of "exceeds expectations," and she was given a rating of

4

"4," on a scale of 1—5; and within the National Partner Sales Division, Plaintiff was ranked as a top tier performer, over her tenure of sixteen (16) years; and in addition, Plaintiff received a substantial merit salary increase of $7,000.00, in recognition of her excellent work product, which was consistently produced, in her work group, for the Defendant.

20. Moreover, within the National Partner Sales Division, Plaintiff was ranked as a top tier performer, over her tenure of sixteen (16) years.

21. Furthermore, the Plaintiff was ranked No. 1, in signed revenue, with the Defendant, through June of 2020, the date of her separation from employment.

22. On June 30, 2020, Plaintiff was subjected to a separation from employment, by Bank of America Merchant Services, LESCHEL had been a team member of the National Partner Sales Division, where she had consistently been a top performer, within that Division for the Defendant.

23. Bank of America Merchant Services was formed in 2010, through a joint venture between First Data Corporation (recently purchased by FISERVE), which possessed a 51% ownership interest.

24. During the end of 2019, all employees from Bank of America Merchant Services, were presented to each parent corporation, Bank of America and FISERVE for evaluation, regarding a decision to retain each employee's professional services, Plaintiff was told her job evaluation was solely based on performance, and the expectation was that she was to remain with the National Partner Sales Division.

25. The decision on employee retention, was apparently necessitated, by the national public health crisis, which in turn, necessitated job cuts, within Bank of America Merchant Services.

26. LESCHEL was subjected to the reduction in force, on June 30, 2020, however, several

5

substantially younger members of the National Partner Sales Division, who were lesser performers, in terms of their relative job performance, were retained by FISERVE, to the detriment of LESCHEL.

27. Specifically, multiple substantially younger "comparator" employees, who clearly ranked lower than the Plaintiff, in relevant and important job performance benchmarks, with regard to sales performance and revenue totals, were retained by the Defendant, but the Plaintiff was confirmed, as being subjected, to the reduction in force.

28. As a further example, one comparator was transferred to the pertinent work group, the National Partner Sales Division, in late 2019, from her prior role as a Business Consultant; this comparator's ranking in signed revenue postings, and net revenue totals, was second to last, in the applicable work group, the National Partner Sales Division, through June, 2020.

29. Despite the poor job performance of this substantially younger comparator employee, this employee, with the lack of a track record, was retained by FISERVE, to the detriment of the Plaintiff, despite her superior sales and job performance record.

30. The comparator analysis raises an inference of age discrimination, in violation of the FCRA, which the Defendant will be unable to rebut, and the Plaintiff's *prima facie* case of age discrimination remains, as a viable and unrebutted claim, or cause of action.

31. Due to being subjected to the reduction in force, Plaintiff has lost substantial back wages, future wage loss, as well as her book of business, and hence, the damages in this case are substantial and most likely, irreparable.

**COUNT I**
**(VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT -AGE DISCRIMINATION)**

32. Plaintiff restates and reavers the allegations, contained within Paragraphs 1—31 of the Amended Complaint, as if fully set forth herein.

33. Plaintiff is a member of the protected class, as an older worker, over the age of forty (40), who is to be protected, under the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.*

34. The aforementioned actions of Defendant constitute age discrimination, in violation of the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.*

35. Plaintiff suffered an adverse employment action, by being subjected to the reduction in force, and thereafter, by not being retained, as an employee of the Defendant.

36. The adverse employment action was a result and or occurred, because of unlawful discrimination, based on Plaintiff's age, and or being within the protected class, as set forth by the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.*

37. The Defendant knew, or should have known, of the unlawful discrimination, which was practiced, as against the Plaintiff, by its representatives, agents and or employees, in violation of the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.*

38. As a result of Defendant's unlawful discrimination, in its failure to retain the Plaintiff, as a member of the National Partner Sales Division, she has suffered, and she continues to suffer substantial damages.

**WHEREFORE,** Plaintiff, MAUREEN LESCHEL, prays for the following relief, against the Defendant, FISERVE GLOBAL SERVICES, INC.., d/b/a FISERVE, a/k/a Fiserv Solutions,

7

LLC:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and future benefits;

    d.    Compensatory damages for emotional damages;

    e.    Other non-pecuniary damages;

    f.    Punitive damages;

    g.    Injunctive relief;

    h.    Attorney's fees and costs; and

    i.    For any other relief this Court deems to be just and equitable.

**Demand for Jury Trial**

Plaintiff demands Trial by Jury of All Issues So Triable.

**MARK J. BERKOWITZ, P.A.**

/s/ Mark J. Berkowitz
Mark J. Berkowitz
One Ten Tower
110 SE 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
Telephone No.: (954) 527-0570
Telecopier No.: (954) 281-5881
E-mail: labor@markjberkowitz.com
FL Bar No.: 369391
Attorney for Plaintiff

Dated on this 26th day of May, 2021.

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

**CASE NO. CACE-21-008780**

MAUREEN LESCHEL,
       Plaintiff,

vs.

FISERVE GLOBAL SERVCIES,
INC., d/b/ FISERVE,
a foreign corporation, Fiserve
Solutions, LLC, a foreign
corporation,
       Defendant.

_____ /

## SUMMONS

**THE STATE OF FLORIDA**
**To Each Sheriff of the State**

    YOU ARE COMMANDED to serve this amended summons and a copy of the amended complaint or petition, in this action on the Prentice Hall Corporation System, as the Registered Agent for the Defendant, FISERVE GLOBAL SERVICES, INC., d/b/a Fiserve, a/k/a/ Fiserve Solutions, LLC, and with an address of 1201 Hays Street, Tallahassee, Florida 32301.

    Each Defendant is required to serve written defenses to the Complaint or Petition, on Plaintiffs' Attorney, Mark J. Berkowitz, P.A., 110 SE 6th Street, Suite 1700, Ft. Lauderdale, Florida 33301, within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original defenses with the clerk of this court either before service on Plaintiffs' Attorney or immediately thereafter. If a Defendant fails to do so, a default will be Entered against that Defendant on the relief demanded in the Complaint or Petition.

Dated on_____MAY 28 2021_____

                                   BRENDA FORMAN
                                   As Clerk of the Court

                                 By_____
                                    As Deputy Clerk

                                   **BRENDA D. FORMAN**