UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FTT. LAUDERDALE DIVISION

CASE NO. 18-cv-60209-WPD

JAIME ORTIZ,
        Plaintiff,
                                       CASE NO. 18-cv-60209-WPD

vs.

THE SCHOOL BOARD
OF BROWARD COUNTY,
FLORIDA, a Florida
governmental entity,
        Defendant.
_____/

**STATE OF BROWARD**   ]
                    ] ss.
**COUNTY OF BROWARD** ]

      **Mark J. Berkowitz,** being first duly sworn on oath, states as follows:

1.  My office served as lead counsel for the Plaintiff in this case, before the United States District Court for the Southern District of Florida, in the above styled case entitled, "Jaime Ortiz v. The School Board of Broward County, Florida," Case No. 18-cv-WPD.

2.  I am an attorney, licensed to practice law in the State of Florida, since 1983. Since approximately on August 15, 1995, approximately 90% of my law practice in Ft. Lauderdale, Florida, has been devoted only to labor and employment law litigation,

1

**EXHIBIT D**
to Notice of
Removal

including the litigation of matters in administrative tribunals, as well as labor and employment law matters, in both state and federal court.

3.  My law office is located in the One Ten Tower, with an address of 110 S.E. 6th Street, Suite 1700, Ft. Lauderdale, Florida 33301. I received my *Juris Doctor* Degree from St. Louis University School of Law in 1981, and my L.L.M. Degree, with a concentration in labor law, from the University of Pennsylvania School of Law in 1982.

4.  I am licensed to practice law before the United States District Court for the Southern District of Florida, the United States District Court for the Middle District of Florida and the United States Court of Appeals for the Eleventh Circuit. I have written articles in the subject area of labor and employment law; and I have also spoken at seminars pertaining to labor and employment law topics, including a local seminar for human resources managers.

5.  In the course of my practice in Ft. Lauderdale, Florida, since August of 1995, I have represented clients in more than 500 employment law cases, under both state and federal law.

6.  I have reviewed the statement of attorney's fees and costs, which have been submitted by my office, in support of my application for attorney's fees and costs to the district court in this case, entitled, "Jaime Ortiz v. The School Board of Broward County, Florida," Case No. 18-cv-60209-WPD.

7.  I hereby certify that the expenditure of professional time, set forth in the accompanying statement of attorney's fees, time records and incurred litigation costs, were indeed

2

expended by my officer in the representation of the Plaintiff, in the above styled case, entitled, "Jaime Ortiz v. The School Board of Broward County, Florida," Case No. 18-cv-WPD. I further certify that the billing and attorney hours, as well as the costs, which were incurred in this case, were reasonable, given the tasks, which were required to be performed on behalf of the Plaintiff in this case.

8.  I have reviewed the standards for determining the reasonableness of attorney's fees, as well as the standard for taxing costs, as set forth in 29 U.S.C. Section 1920. In *Johnson* v. *Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the Eleventh Circuit identified twelve factors which a court should consider in awarding attorney's fees to a prevailing Title VII plaintiff. Moreover, in *Jones* v. *Dealers Tractor & Equipment Co.*, 634 F.2d 180 (5th Cir. 1981),[1] the Eleventh Circuit affirmed a district court's use of the *Johnson* factors, to determine the amount of attorney's fees, which are to be awarded to a prevailing party:

    (i)    The time and labor required;

    (ii)   The novelty and difficulty of the questions;

    (iii)  The skills required to perform the legal services properly;

    (iv)   The preclusion of other employment by the attorney due to the acceptance of the case;

    (v)    The customary fee for similar work in the community;

    (vi)   Whether the fee is fixed or contingent;

---

[1] In *Bonner* v. *Prichard*, 661 F.2d 1206 (5th Cir. 1981), it was held that decisions of the former Fifth Circuit, prior to 1981, have precedential values in the Eleventh Circuit.

(vii)    Time limitations imposed by the client or the circumstances;

(viii)    The amount involved and the results obtained;

(ix)    The experience, reputation and ability of the attorneys

(x)    The "undesirability" of the case;

(xi)    The nature and length of the professional relationship with the client; and

(xii)    Awards in similar cases.

9. It is my understanding that an hourly rate of $400 per hour is a reasonable and customary rate for practitioners with my level of experience in labor and employment law, within the South Florida area, and or within the Miami/Ft. Lauderdale legal community. My stated hourly rate is a reasonable hourly rate for attorneys of my experience in the South Florida, Ft. Lauderdale/Miami Legal Community. I have significant briefing, motion hearing deposition, trial, administrative trial, appeal and other related litigation experience.

10. The work which my office performed on behalf of the Plaintiff in this case, and the costs incurred, were both reasonable and necessary for the proper representation of his interests in this case. No duplicative work was performed; and all work which was performed on behalf of the Plaintiff, was solely performed for his benefit and for the representation of his legal interests.

11. A list of the hours expended in this action, for legal services rendered on behalf of the Plaintiff, in the above styled case entitled, "Jaime Ortiz v. The School Board of Broward County, Florida," Case No. 18-cv-WPD, is attached hereto, as **EXHIBIT A.**

4

**FURTHER AFFIANT SAYETH NAUGHT.**

**MARK J. BERKOWITZ**

STATE OF FLORIDA )
)
COUNTY OF BROWARD )

  **BEFORE ME,** the undersigned authority, personally appeared **Mark J. Berkowitz.**, on this 14 day of November, 2019, who is personally known to me, or who has produced,_____, as identification, and after being by me first duly sworn, deposes and says that he has signed the foregoing affidavit in support of an application for attorney's fees and that the representations contained therein are true and correct to the best of his knowledge, information and belief.



Notary Public State of Florida
Jennafer Belabin
My Commission GG 323768
Expires 06/16/2023

**Notary Public**

Jennafer Belabin
**Printed Notary Name**

**My Commission Expires:**

5