# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 21-cv-61190 ALTMAN/Hunt

MAUREEN LESCHEL,

     *Plaintiff*,

vs.

FISERVE GLOBAL SERVICES, INC.
*d/b/a FISERVE a/k/a FISERV SOLUTIONS, LLC*
*a foreign corporation*,

     *Defendant*.

_____/

## ANSWER TO AMENDED COMPLAINT

FISERV GLOBAL SERVICES, INC. ("Defendant"), improperly identified as "Fiserve Global Services, Inc., d/b/a Fiserve a/k/a Fiserv Solutions, LLC",[1] for its answer and defenses to Plaintiff's Amended Complaint ("Complaint"), states as follows:

## I.     JURISDICTION AND VENUE

1.     This is an action for damages in excess of $30,000.00.

**Response:**  The allegation contained in paragraph 1 of the Complaint states Plaintiff's position on damages and that allegation speaks for itself.  Defendant denies that Plaintiff is entitled to any damages from Defendant.

2.     This Court has original jurisdiction over plaintiff's claim under the Florida Civil Rights Act ("FCRA"), pursuant to Florida *Stat.* Section 26.012 and *Florida Stat.* Section 760.11(4)(a).

---

[1]     Fiserv Global Services, Inc. no longer exists as an entity, having merged into Fiserv Solutions, LLC.  Fiserv Global Services, Inc. did not make any of the employment decisions alleged in the Complaint.

**Response:**  In response to the allegations contained in paragraph 2 of Plaintiff's Complaint, Defendant states that this action was originally filed in the Circuit Court of the 17th Circuit, Broward County, Florida, and removed to this Court on June 8, 2021.  This Court has diversity jurisdiction over this action, as set out in Defendant's Notice of Removal filed on June 8, 2021.  The remaining allegations state the statutory basis for Plaintiff's claim against Defendant to which no response is required.  Responding further, Defendant denies any liability to Plaintiff under the Florida Civil Rights Act ("FCRA") or otherwise.

3.     Venue lies within Broward County, because a substantial part of the events giving rise to this claim, arose in this judicial district.

**Response:** In response to the allegations contained in paragraph 3 of Plaintiff's Complaint, Defendant states that this action was originally filed in the Circuit Court of the 17th Circuit, Broward County, Florida, and removed to this Court on June 8, 2021.  Responding further, Defendant states that the United States District Court for the Southern District of Florida is the proper venue for this action given the allegations contained in the Complaint.  To the extent the allegations contained in paragraph 3 of Plaintiff's Complaint differ from this response, Defendant denies the allegations contained in paragraph 3 of the Complaint.

## II.     <u>ADMINISTRATIVE REQUISITES</u>

4.     Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  A copy of the charge of discrimination was previously attached to the Complaint, as **EXHIBIT A**.

**Response:**  In response to the allegations contained in paragraph 4 of the Complaint, Defendant states that Plaintiff filed a charge of discrimination ("the Charge") with the Equal Employment Opportunity Commission ("EEOC") in which "Fiserv Global Services, Inc."

and "FIRSERV of North America" were named as Respondents.  Responding further, the EEOC assigned the Charge number 510-2020-05549.  Plaintiff filed the Charge on August 26, 2020.  Whether or not the charge was timely filed as against the Defendant is a legal conclusion to which no response is required.  Responding further, no timely charge of discrimination was filed against the entity that actually made the employment decision that forms the basis of Plaintiff's Complaint and, therefore, Defendant denies the allegations in paragraph 4.  To the extent the allegations contained in paragraph 4 of Plaintiff's Complaint differ from this response, Defendant denies the allegations contained in paragraph 4 of the Complaint.

5.      More than 180 days have passed since the filing of this charge.

**Response:**  In response to the allegations contained in paragraph 5 of the Complaint, Defendant states that to the extent Plaintiff is referring to the Charge described by Defendant in its response to the allegations contained in paragraph 4 of the Complaint, Defendant states that Plaintiff filed the Charge on August 26, 2020.  Responding further, more than 180 days transpired between August 26, 2020, and the filing of Plaintiff's Complaint. To the extent the allegations contained in paragraph 5 of Plaintiff's Complaint differ from this response, Defendant denies the allegations contained in paragraph 5 of the Complaint.

6.      Pursuant to *Flor. Stat.* Section 760.11(1), for all charges of discrimination filed after June 8, 2001, the filing of a discrimination charge with the Equal Employment Opportunity Commission, or with a local fair employment practices agency, vests the Florida Commission on Human Relations with jurisdiction, pertaining to that charge of discrimination.

**Response:**  The allegations contained in paragraph 6 of Plaintiff's Complaint state legal conclusions to which no affirmation or denial is required of Defendant.  To the extent further

response is required, Defendant denies Plaintiff's summary of the provisions of the Florida law referenced in paragraph 6 of the Complaint.  Responding further, Defendant states that Plaintiff filed no charge against the entity that made the employment decision that forms the basis of Plaintiff's Complaint.  To the extent the allegations contained in paragraph 6 of Plaintiff's Complaint differ from this response, Defendant denies the allegations contained in paragraph 6 of the Complaint.

7.      On April 8, 2021, the EEOC issued to Plaintiff, a Dismissal and Notice of Rights to Sue Memorandum, against the Defendant, regarding this matter.

**Response:**  In response to the allegations contained in paragraph 7 of the Complaint, Defendant states that to the extent Plaintiff is referring to the Charge described by Defendant in its response to the allegations contained in paragraph 4 of the Complaint, Defendant states that the EEOC issued a "Dismissal and Notice of Rights" form concerning the Charge on April 8, 2021.  To the extent the allegations contained in paragraph 7 of Plaintiff's Complaint differ from this response, Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.      A copy of the Notice of Rights to Sue Memorandum, was previously attached to the Complaint, as **EXHIBIT B;** and Plaintiff had filed her initial Complaint in this action, within four (4) years of the last act of discrimination; or within ninety (90) days of the issuance of the Notice of Right to Sue Memorandum, by the EEOC.

**Response:**  In response to the allegations contained in paragraph 8 of the Complaint, Defendant states that to the extent Plaintiff is referring to the Charge described by Defendant in its response to the allegations contained in paragraph 4 of the Complaint, Defendant states that the EEOC issued a "Dismissal and Notice of Rights" form concerning the Charge on

April 8, 2021, which was attached to Plaintiff's initial Complaint in this matter as Exhibit B. Responding further, Defendant states that Plaintiff filed her initial Complaint in this matter on May 4, 2021, and her Amended Complaint on May 27, 2021, and both were filed within 90 days of April 8, 2021.  Responding further, Defendant states that it does not know what Plaintiff means by the "last act of discrimination" and, therefore, cannot admit or deny the allegation containing that phrase.

9.      Plaintiff has filed this action within the applicable period of limitations.

**Response:**  The allegations contained in paragraph 9 of the Complaint state legal conclusions to which no affirmation or denial is required of Defendant.  Responding further, Defendant states that Plaintiff has not filed any action, timely or otherwise, against the entity that made the employment decision that form the basis for Plaintiff's Complaint, and denies that Plaintiff timely exhausted administrative remedies against that entity.

10.     All conditions precedent to this action have been either satisfied and or waived.

**Response:**  Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.     Plaintiff, Maureen Leschel, is a former employee of the Defendant, herein, she is within the purview of the statutory protections, mandated by the Florida Civil Rights Act of 992, *Fla. Stat.* Section 760.01, *et seq.*  and at all material times herein, she was a resident of Weston, Broward County, Florida.

**Response:**  In response to the allegations contained in paragraph 11 of Plaintiff's Complaint, Defendant states that it is without information or knowledge regarding Plaintiff's residence, and does not know what Plaintiff means by the phrase "at all material times here" and, therefore, cannot admit or deny the allegations containing that phrase.  Responding further, Defendant denies that Plaintiff is a former employee of Defendant.  Plaintiff was never

employed with Defendant. The remaining allegations contained in paragraph 11 of Plaintiff's

Complaint state legal conclusions to which no affirmation or denial is required of Defendant.

To the extent the allegations contained in paragraph 11 of Plaintiff's Complaint differ from

this response, Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant, Fiserve Global Services, Inc., d/b/a FISERVE, a/k/a Fiserve Solutions,

LLC ("FISERVE") is a foreign corporation, and it is, an "employer," within the purview and

jurisdiction of the Florida Civil Rights Act of 1992 *Fla. Stat.* Section 760.01, *et seq.*

**Response:**  Defendant denies the allegations contained in paragraph 12 of the Complaint.

### III.     PARTIES

13.     Plaintiff, Maureen Leschel ("LESCHEL"), was sixty-five (65) years old, and as of

the date of the filing of the charge of discrimination in this case, on August 21, 2020, she is entitled

to protection as an older worker under the FCRA, and in addition, the Plaintiff acquired had sixteen

(16) years of successful sales experience, in the merchant services space.

**Response:**  In response to the allegations contained in paragraph 13 of Plaintiff's Complaint,

Defendant states that it is without information or knowledge regarding Plaintiff's date of

birth, and, therefore, cannot admit or deny any allegations concerning Plaintiff's age on any

given date.  Responding further, Defendant is without information or knowledge regarding

what Plaintiff means by the phrase "successful sales experience, in the merchant services

space" and, therefore, cannot admit or deny the allegations containing that phrase.

14.     Defendant, Fiserve Global Services, Inc., d/b/a Fiserve / a/k/a Fiserv Solutions, LLC

("FISERVE"), a foreign corporation, which is headquartered in the State of Wisconsin, provides

financial services to banks and related financial institutions, and at all material times herein, it

operated business facilities, and transacted business for clients, in Coral Springs Broward County,

Florida, which is located within the Seventeenth Judicial District; and the Defendant is duly authorized to conduct business in Broward County, and in the State of Florida.

**Response:** Defendant denies the allegations contained in paragraph 14 of the Complaint.

## IV.     GENERAL ALLEGATIONS

15.     At all material times herein, Defendant, FISERVE, Defendant acted with malice and with reckless disregard for the Plaintiff's state protected rights, under the FCRA.  Plaintiff had been employed by the Defendant since April 12, 2004, and in 2019, she was ranked as No. 3, in her work group of eight, exceeding performance expectations, as a sales professional in merchant services functions.

> **Response:**  In response to the allegations contained in paragraph 15 of the Complaint, Defendant denies that it acted with malice and with reckless disregard for the Plaintiff's state protected rights under the FCRA.  Responding further, Defendant denies that Plaintiff had been employed by Defendant since April 12, 2004.  Plaintiff was never employed with Defendant.  Responding further, Defendant states that it is without information or knowledge regarding the remaining allegations contained in paragraph 15 of the Complaint and, therefore, denies the remaining allegations contained in paragraph 15 of the Complaint.

16.     Plaintiff has been required to retain undersigned counsel, due to the predicate acts of employment discrimination, practiced upon her, based on her age, as exhibited by and intentionally committed, by the Defendant; and she is required to pay her counsel a reasonable attorney's fee.

> **Response:** Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.     As of the date of the filing of the charge of employment discrimination in this case, on August 21, 2020, Plaintiff was sixty-five (65) years old.

**Response:**  Defendant is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 17 of the Complaint and, therefore, denies the allegations contained in paragraph 17 of the Complaint.

18.     Plaintiff had been employed by the Defendant, since April 12, 2004.

**Response:**  Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.     In early 2020 and for 2019, for her year-end performance review and her performance ratings, Plaintiff was given a performance rating of "exceeds expectations," and she was given a rating of "4," on a scale of 1—5, and within the National Partner Sales Division, Plaintiff was ranked as a top tier performer, over her tenure of sixteen (16) years; and in addition, Plaintiff received a substantial merit salary increases of $7,000.00, in recognition of her excellent work product, which was consistently produced, in her work group, for the Defendant.

**Response:**  Defendant is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 19 of the Complaint and, therefore, denies the allegations contained in paragraph 19 of the Complaint.

20.     Moreover, within the National Partner Sales Division, Plaintiff was ranked as a top tier performer, over her tenure of sixteen (16) years.

**Response:**  Defendant is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 20 of the Complaint and, therefore, denies the allegations contained in paragraph 20 of the Complaint.

21.     Furthermore, the Plaintiff was ranked No. 1, in signed revenue, with the Defendant, through June of 2020, the date of her separation from employment.

**Response:**  Defendant is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 21 of the Complaint and, therefore, denies the allegations contained in paragraph 21 of the Complaint.

22.     On June 30, 2020, Plaintiff was subjected to a separation from employment, by Bank of America Merchant Services, LESCHEL had been a team member of the National Partner Sales Division, where she had consistently been a top performer, within that Division for the Defendant.

**Response:** In response to the allegations contained in paragraph 22, Defendant states, upon information and belief, that Plaintiff was employed with Bank of America Merchant Services ("BAMS") in 2020, and that Plaintiff's employment with BAMS ended on or about June 30, 2020.  Defendant is without information or knowledge sufficient to admit or deny the remaining allegations contained in paragraph 22 of the Complaint and, therefore, denies the remaining allegations contained in paragraph 22 of the Complaint.

23.     Bank of America Merchant Services was formed in 2010, through a joint venture between First Data Corporation (recently purchased by FISERVE), which possessed a 51% ownership interest.

**Response:**   Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     During the end of 2019, all employees from Bank of America Merchant Services, were presented to each parent corporation, Bank of America and FISERVE for evaluation, regarding a decision to retain each employee's professional services, Plaintiff was told her job evaluation was solely based on performance, and the expectation was that she was to remain with the National Partner Sales Division

**Response:**  In response to the allegations contained in paragraph 24 of the Complaint, Defendant denies that all employees were presented to each parent corporation, Bank of America and FISERVE for evaluation, regarding a decision to retain each employee's professional service.  Responding further, it is not known what entity Plaintiff is referring to as "FISERVE."  Defendant denies the remaining allegations contained in paragraph 24 of the Complaint.

25.     The decision on employee retention, was apparently necessitated by the national public health crisis, which in turn, necessitated job cuts, within Bank of America Merchant Services.

**Response:**  Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.     LESCHEL was subjected to the reduction in force, on June 30, 2020, however, several substantially younger members of the National Partner Sales Division, who were lesser performers, in terms of their relative job performance, where retained by FISERVE, to the detriment of LESCHEL.

**Response:**  Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.     Specifically, multiple substantially younger "comparator" employees, who clearly ranked lower than the Plaintiff, in relevant and important job performance benchmarks, with regard to sales performance and revenue totals, were retained by the Defendant, but the plaintiff was confirmed, as being subjected, to the reduction in force.

**Response:**  Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.     As a further example, one comparator was transferred to the pertinent work group, the National Partner Sales Division, in late 2019, from her prior role as a Business Consultant; this comparator's ranking in signed revenue postings, and net revenue totals, was second to last, in the applicable work group, the National Partner Sales Division, through June, 2020.

**Response:**  Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.     Despite the poor job performance of this substantially younger comparator employee, this employee, with the lack of a track record, was retained by FISERVE, to the detriment of the Plaintiff, despite her superior sales and job performance record.

**Response:**  Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.     The comparator analysis raises an inference of age discrimination, in violation of the FCRA, which the Defendant will be unable to rebut, and the Plaintiff's *prima facie* case of age discrimination remains, as a viable and unrebutted claim, or cause of action.

**Response:**  Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.     Due to being subjected to the reduction in force, Plaintiff has lost substantial back wages, future wage loss, as well as her book of business, and hence, the damages in this case are substantial and most likely, irreparable.

**Response:**  Defendant denies the allegations contained in paragraph 31 of the Complaint.

## COUNT I

## (VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – AGE DISCRIMINATION)

32.     Plaintiff restates and reavers the allegations, contained within Paragraphs 1—31 of the Amended Complaint, as if fully set forth herein.

**Response:**  Defendant restates and incorporates as if fully set forth its responses to the allegations contained in paragraphs 1 through 31 of the Amended Complaint.

33.     Plaintiff is a member of the protected class, as an older worker, over the age of forty (40), who is to be protected, under the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.*

**Response:**  In response to the allegations contained in paragraph 33 of the Complaint, Defendant states that it is without information or knowledge regarding Plaintiff's age and, therefore, cannot admit or deny any allegations about Plaintiff's age.  The remaining allegations contained in paragraph 33 state legal conclusions to which no affirmation or denial is required of Defendant.

34.    The aforementioned actions of defendant constitute age discrimination, in violation of the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.*

**Response:**  Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.    Plaintiff suffered an adverse employment action, by being subjected to the reduction in force, and thereafter, by not being retained, as an employee of the Defendant.

**Response:**  Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.    The adverse employment action was a result and or occurred, because of unlawful discrimination, based on Plaintiff's age, and or being within the protected class, as set forth by the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.*

**Response:**  Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.    The Defendant knew, or should have known, of the unlawful discrimination, which was practiced, as against the Plaintiff, by its representatives, agents and or employees, in violation of the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.*

**Response:**  Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.    As a result of Defendant's unlawful discrimination, in its failure to retain the Plaintiff, as a member of the National Partner Sales Division, she has suffered, and she continues to suffer substantial damages.

**Response:**  Defendant denies the allegations contained in paragraph 38 of the Complaint.

**WHEREFORE,** Plaintiff, MAUREEN LESCHEL, prays for the following relief, against the Defendant, FISERVE GLOBAL SERVICES, INC.., d/b/a FISERVE a/k/a Fiserv Solutions, LLC:

      a.  Back pay and benefits;

      b.  Interest on back pay and benefits;

      c.  Front pay and future benefits;

      d.  Compensatory damages for emotion damages;

      e.  Other non-pecuniary damages:

      f.  Punitive damages;

      g.  Injunctive relief;

      h.  Attorney's fees and costs; and

      i.  For any other relief this Court.

**Response:** Defendant denies that Plaintiff is entitled to any relief as claimed in the Complaint, and, in particular, denies that Plaintiff is entitled to the relief listed and claimed in the WHEREFORE paragraph (and its sub-paragraphs a. through i.) found at the conclusion of Plaintiff's Complaint.

## FURTHER PLEADING AND AFFIRMATIVE AND OTHER DEFENSES

1.    Unless specifically admitted above, Defendant denies each and every allegation contained in the Complaint.

2.    The Complaint should be dismissed, in whole or in part, because Plaintiff has failed to state a claim for which relief can be granted against Defendant. Defendant made no employment decisions that impacted Plaintiff.

3.      Plaintiff failed to exhaust required administrative remedies. Plaintiff did not file a charge or complaint with the EEOC or the FCHR against the entity that made the employment decision at issue in this case.

4.      To the extent the Complaint seeks relief for employment actions that are beyond the scope of the subject matter of the Charge (Charge Number 510-2020-05549) filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), such claims are barred.

5.      To the extent that the Complaint seeks relief for employment actions that are beyond the scope of the subject matter of the FCRA, such claims are barred.

6.      The Complaint is barred, in whole or in part, because the adverse employment actions complained of by Plaintiff were not made by Defendant.

7.      The Complaint is barred, in whole or in part, because any actions taken with respect to Plaintiff were based on reasonable factors other than those prohibited by the FCRA.

8.      The Complaint is barred because any employment actions taken, or decisions made, with respect to Plaintiff were for legitimate, nondiscriminatory reasons.

9.      The Complaint is barred, in whole or in part, because even if any adverse action against Plaintiff had been motivated by any improper considerations – which it was not –the same decision would have been made regardless of any improper considerations.

10.      The allegations contained in the Complaint do not provide a basis for which Plaintiff can recover any damages or equitable relief the FCRA.

11.      Defendant has a well-disseminated and consistently enforced policy against discrimination, as well as a reasonable and available procedure for receiving and investigating complaints of discrimination.  To the extent Plaintiff failed to use or otherwise avail herself of these

policies and procedures (and Defendant alleges Plaintiff did not use or avail herself of these policies and procedures), Plaintiff's claims are barred.

12.     Any claim for discrimination is barred, and recovery of damages is precluded, because Defendant exercised reasonable care to prevent and, if notified, would have promptly corrected any allegedly unlawful conduct.

13.     The Complaint's plea for certain of damages is barred to the extent Plaintiff failed to mitigate those alleged damages.

14.     Plaintiff's claims for lost wages are subject to reduction by the amounts of any earnings or remuneration received by Plaintiff from replacement sources, replacement employment, self-employment, retirement benefits, social security retirement benefits, and/or other sources.

15.     The Complaint is barred, in whole or in part, because the damages allegedly suffered by Plaintiff are too remote to form the basis of any recovery against Defendant.

16.     Plaintiff is not entitled to recover any compensatory or punitive damages, fees, or other expenses, and any such allegations should be stricken because Plaintiff has failed to plead facts sufficient to support such damages, fees, or expenses.

17.     The Complaint is barred, in whole or in part, because all alleged actions taken by Defendant were reasonable and taken in good faith.  No acts attributable to Defendant were taken with malice or willfulness, or reckless indifference to Plaintiff's rights.

18.     To the extent Plaintiff seeks punitive damages under the FCRA, any such damages are subject to the applicable $100,000 cap on such damages set out in section 760.11 (5) of the FCRA.

19.     Plaintiff's claim for punitive damages is barred, in whole or in part, because Defendant engaged in good faith efforts to prevent discrimination in the workplace; neither

Defendant, nor any of its upper management employees, engaged in wrongful conduct that demonstrated or evinced willful indifference to Plaintiff's rights; and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities offered by Defendant.

20.     Some or all of Plaintiff's claims are barred because Defendant acted in good faith to comply with all applicable laws and to prevent and correct any alleged incidents of workplace discrimination, and any alleged discrimination or other wrongdoing is contrary to Defendant's good-faith efforts, policies, and training prohibiting discrimination.

21.     Defendant has not engaged in any unlawful, willful and/or knowing violations of the FCRA, and Defendant, therefore, cannot be liable for punitive damages.

22.     The damages sustained by Plaintiff, if any, were proximately caused by Plaintiff's own conduct or the conduct of others over which Defendant had no control and for which Defendant cannot be liable.

23.     The Complaint is barred, in whole or in part, because Plaintiff's alleged injuries and alleged damages were not caused by any misfeasance or malfeasance by Defendant.

24.     To the extent Plaintiff alleges one or more of Defendant's employees discriminated against her, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not condoned by Defendant, and was taken without the knowledge or consent of Defendant.  Accordingly, Defendant is not liable for such conduct if it occurred.

25.     The Complaint is barred, in whole or in part, to the extent Plaintiff seeks to recover punitive damages.  The imposition of such damages under the circumstances presented in this case would violate the constitution of the United States of America, including but not limited to the constitutional protections outlined in the Fourteenth Amendment, the Eighth Amendment, and the

Fifth Amendment.  Punitive damages would also be inappropriate as they remain within the purview of the legislature.

26.     Defendant states that Plaintiff's burden of proof is to support a punitive damage claim by clear and convincing evidence.

27.     Defendant hereby reserves the right to assert such other or further defenses and affirmative defenses as become known during the course of this matter.

Having fully answered the Complaint, Defendant respectfully requests that: (a) judgment be entered in its favor and all claims asserted in the Complaint be dismissed with prejudice; and (b) Defendant have and recover such other and further relief as the Court may deem just and proper.

Dated:  June 15, 2021

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By:   */s/ Paola Dukes*
      Paola Dukes
      Florida Bar No. 84274
      200 South Biscayne Blvd., Suite 400
      Miami, FL 33131
      Tel: (786) 322-7500
      Fax:  (786) 322-7501
      dukesp@bclplaw.com

      Charles B. Jellinek, (*pro hac vice* application forthcoming)
      One Metropolitan Square
      211 North Broadway, Suite 3600
      St. Louis, MO 63102
      Tel:  (314) 259-2138
      Fax: (314) 552-8138
      cbjellinek@bclplaw.com

**Attorneys for Defendant**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2021, the foregoing was filed with the Clerk of Court electronically via the Court's ECF system, to be served by operation of the Court's ECF upon the following:

Mark J. Berkowitz
One Ten Tower
110 SE 6th Street, Suite 1700
Ft. Lauderdale, FL  33301
Counsel for Plaintiff

_____*/s/ Paola Dukes*_____
Paola Dukes