UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-61190-ALTMAN/Hunt

**MAUREEN LESCHEL,**

 *Plaintiff*,

v.

**FISERVE GLOBAL SERVICES, INC.**
*a foreign corporation doing business as*
*Fiserve,*

 *Defendant*.

_____/

## REMOVAL STATUS REPORT BY REMOVING PARTY

Pursuant to the Court's June 9, 2021 Order Requiring Removal Status Report (ECF No. 5), Defendant Fiserv Global Services, Inc. (improperly named as Fiserve Global Services, Inc.) ("Defendant"), the removing party in this action, hereby reports as follows:

 a. <u>Nature of the claim</u>: Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of her age in violation of the Florida Civil Rights Act by failing to hire her. Plaintiff's Complaint asserts that Plaintiff is seeking monetary damages in excess of $30,000. Defendant has not asserted a counterclaim, cross-claim, or third-party claim.

 b. <u>Grounds for removal</u>: The jurisdictional basis for removal is 28 U.S.C. § 1332(a), as the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. Although Plaintiff does not allege damages in a specific dollar amount, she demands back pay, front pay, other compensatory damages (e.g., emotional distress damages), punitive damages and attorneys' fees, as well as injunctive relief. <u>See</u> Complaint, ECF No. 1-2, at 10-11. Given the potential for such damages, the amount in controversy exceeds $75,000.

603756983

Additionally, on the Civil Cover Sheet Plaintiff filed with her initial Complaint, Plaintiff estimated the amount of her claim to be in excess of $100,000.[1] See Civil Cover Sheet, ECF No. 1-2, at 1. Plaintiff and Defendant are the only parties to this action. There are no third-party claims filed in this action.

      c.      <u>List of Pending motions</u>: There are no pending motions.

      d.      <u>Joinder or consent to notice of removal</u>: Fiserv Global Services, Inc. is the only defendant to this action. Defendant, as the removing party, consents to removal.

      e.      <u>Timeliness of removal</u>: Defendant was served with the initial Summons and Complaint on May 10, 2021. Defendant's Notice of Removal was timely filed on June 8, 2021.

      f.      <u>Notice transmitted</u>: Counsel for Defendant, the removing party, has provided a copy of the Court's June 9, 2021 Order Requiring Removal Status Report (ECF No. 5) to counsel for Plaintiff.

      g.      In further compliance with the Order Requiring Removal Status Report, Defendant previously filed copies of all records and proceedings pending before the state court at the time of removal as Exhibit A to its Notice of Removal. (*See* ECF No. 1-2). Defendant has also filed a copy of the Notice of Filing Notice of Removal that was subsequently added to the state court file to effectuate the removal. (*See* ECF No. 3).

---

[1] Defendant acknowledges that the Civil Cover Sheet instructions indicate that the estimate of the amount of claim is to be used for data collection purposes and no other purpose; however, the Court can take notice of Plaintiff's representation regarding the estimated value of her claim.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Paola Dukes*
Paola Dukes
Florida Bar No. 84274
200 South Biscayne Blvd., Ste 400
Miami, FL 33131
Tel: (786) 322-7500
Fax: (786) 322-7501
dukesp@bclplaw.com

Charles B. Jellinek, (admitted *pro hac vice*)
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
Tel: (314) 259-2138
Fax: (314) 552-8138
cbjellinek@bclplaw.com

**Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2020, a true and correct copy of the foregoing Removal Status Report by Removing Party was served on Plaintiff's counsel, Mark J. Berkowitz, by operation of the Court's CM/ECF system.

*/s/ Paola Dukes*
Attorney for Defendant